UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| YREKA WESTERN RAILROAD COMPANY, | NO. CIV. 2:11-1868 WBS CMK |
| Plaintiff, | |
| v. | ORDER RE: TEMPORARY RESTRAINING ORDER |
| EDWARD A. TAVARES, ROSEMARY T. TAVARES, PLM LENDER SERVICES, INC., | |
| Defendants. | |

----oo0oo----

Plaintiff Yreka Western Railroad Company filed this action against defendants Edward A. Tavares, Rosemary T. Tavares, and PLM Lender Services, Inc., in July of 2011 seeking to enjoin the foreclosure of plaintiff's property. Presently before the court is plaintiff's motion for a temporary restraining order to enjoin foreclosure pending a determination by the Surface Transportation Board ("STB") regarding abandonment.

///

1

I.  <u>Procedural and Factual Background</u>

Plaintiff is a rail common carrier in Siskiyou County, California. (Hammond Decl. ¶¶ 1-2 (Docket No. 49).) Plaintiff owns real property at 300 East Miner Street in Yreka, California, which includes rail lines, a depot, office space, a loading dock, and a work shop. (<u>Id.</u> ¶ 3.) On April 11, 2007, plaintiff executed a promissory note in the amount of $175,000.00, secured by its real and personal property. (<u>Id.</u> ¶ 6.) Edward A. Tavares and Rosemary T. Tavares currently hold the interest in the Note and Deed of Trust. (<u>Id.</u> ¶ 8.)

In April of 2011, PLM Lender Services, Inc., recorded a Notice of Default and Election to Sell with respect to plaintiff's real and personal property. (<u>Id.</u> ¶ 10.) The original sale date was August 16, 2011. (Cogan Aff. ¶ 2 (Docket No. 50).) However, plaintiff prevented the August 16, 2011, sale by obtaining a temporary restraining order. (Docket No. 15.) The parties then entered into a stipulation staying proceedings for ninety days while plaintiff was given the chance to complete a $225,000 settlement payment to defendants. (Docket No. 36.) The ninety-day period was extended by stipulation, giving plaintiff until April 16, 2012, to complete the agreed-upon settlement payment. (Docket No. 42.) During this period, defendants stipulated that they would not conduct any further foreclosure proceedings or undertake any further action to collect on plaintiff's debt. (Nov. 17, 2011, Order at 2-3; Jan. 25, 2012, Am. Stipulation & Order at 2.)

Plaintiff allegedly failed to pay defendants the full settlement amount by the stipulated deadline, and so the stay has

been automatically lifted pursuant to the court's January 27, 2012, Amended Stipulation and Order. (Cogan Aff. ¶ 4.) A new sale date has been set for May 8, 2012. (Id.)

Plaintiff has now moved for another temporary restraining order to prevent the May 8, 2012, sale from occurring. (Docket No. 47.) According to plaintiff, defendant PLM Lender Services, Inc. indicated that it was unlikely to appear to support or oppose the temporary restraining order and that it would "generally leave those issues for the borrower, lender or court to resolve." (Cogan Decl. ¶ 4 (Docket No. 51).) Rosemary and Edward Tavares filed an opposition. (Docket No. 55.)

In order to obtain a temporary restraining order or a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, 555 U.S. 7, 20 (2008).

Here, the sale of real property is at issue. Accordingly, it is clear that there is the risk of irreparable injury to plaintiff. Avila v. Stearns Lending, Inc., No. Civ. 08-0419-AG(CTx), 2008 WL 1378231, at *3 (C.D. Cal. Apr. 7, 2008). Further, defendants previously stipulated that they would conduct no further foreclosure proceedings while the action was stayed for several months. This indicates that delaying the sale of the property at issue for one more month until a hearing on a motion for preliminary injunction can be held will not impose any substantial hardship on defendants. Additionally, at the

hearing, the only real opposition to the granting of the temporary restraining order voiced by counsel for the Tavareses was to the amount of the bond plaintiff would be required to post.  The court will therefore require plaintiff to post a $15,000 bond in order to cover the additional attorneys' fees and costs that defendants may incur between now and a hearing on a preliminary injunction.

IT IS THEREFORE ORDERED that plaintiff's ex parte motion for a temporary restraining order be, and the same hereby is, GRANTED.  Pending the hearing and determination of the motion for a preliminary injunction, the defendants are enjoined from selling plaintiff's real property at 300 East Miner, Yreka, California, namely, Siskiyou County Assessor's Parcels (APN #'s 054-191-360, -380, and -490) as well as from selling plaintiff's personal property without first seeking and obtaining approval of the Surface Transportation Board, pending trial or further proceedings in this court. This Order is conditioned upon plaintiff's filing an undertaking in the sum of $15,000.00.

A hearing on plaintiff's motion for a preliminary injunction shall be held on June 4, 2012, at 2:00 p.m. in Courtroom No. 5.  The parties shall adhere to the following briefing schedule:

| | |
|---|---|
| Plaintiff's Motion for Preliminary Injunction and supporting declarations: | May 7, 2012 |
| Defendants's Opposition and supporting declarations: | May 21, 2012 |
| Plaintiff's Reply: | May 29, 2012 |

IT IS FURTHER ORDERED that the Scheduling Conference

4

1  currently scheduled for May 14, 2012, is vacated.  The parties
2  shall be prepared to discuss the matters addressed in the court's
3  pretrial scheduling order (Docket No. 6) at the conclusion of the
4  hearing on June 4, 2012.
5  DATED:  May 4, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE