UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

YREKA WESTERN RAILROAD
COMPANY,

        Plaintiff,

    v.

EDWARD A. TAVARES, ROSEMARY T.
TAVARES, PLM LENDER SERVICES,
INC.,

        Defendants.
                             /

NO. CIV. 2:11-1868 WBS CMK

<u>ORDER RE: MOTIONS FOR AWARD OF
ATTORNEY'S FEES AND COSTS</u>

----oo0oo----

        Plaintiff Yreka Western Railroad Company filed this action against defendants Edward A. Tavares, Rosemary T. Tavares, and PLM Lender Services, Inc., seeking to enjoin defendants from foreclosing upon plaintiff's property until defendants apply for and obtain approval from the Surface Transportation Board ("STB"). The court granted a preliminary injunction in favor of plaintiff on June 4, 2012, (Docket No. 66), and on March 7, 2013, the court granted plaintiff's unopposed motion for summary judgment, (Docket No. 74). Plaintiff now moves for the award of

1

1 attorney's fees, citing California Civil Code section 1717.
2 (Docket No. 77), and for costs, (Docket No. 76).

3   "California Civil Code [section] 1717(a) authorizes reasonable attorney's fees '[i]n any action on a contract where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party.'" Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (second alteration in original).  A California appellate court has explained that:

> An action (or cause of action) is 'on a contract' for purposes of section 1717 if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement; and (2) the agreement contains an attorney fees clause.

Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc., 211 Cal. App. 4th 230, 241-42 (4th Dist. 2012).  "In determining whether an action is 'on a contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." Kachlon v. Markowitz, 168 Cal. App. 4th 316, 347 (2d Dist. 2008).  "The provision is interpreted liberally." Barrientos, 583 F.3d at 1216 (citing Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1340 n.16 (9th Cir. 1986)).

    Neither side disputes that the Secured Promissory Note provides for attorney's fees when it states that "Borrower promises to pay all costs of collection, including, without limitation, attorneys' fees . . . in connection with the

2

protection or realization of any collateral securing this Note or the enforcement of any guaranty hereof," which includes expenses incurred in any proceedings "involving Borrower which may affect the exercise by Lender of its rights or remedies under this Note." (Compl. Ex. A-1 ¶ 6 (Docket No. 1).) Rather, the parties dispute whether plaintiff's suit for declaratory relief was an action "on a contract" under California Civil Code section 1717(a).

In Barrientos, the Ninth Circuit considered the award of attorney's fees when the district court granted summary judgment in favor of tenants who sought a declaratory judgment that a landlord's eviction notices violated federal and local law when the lease contained an attorney's fee provision. See Barrientos, 583 F.3d at 1206, 1216. When determining whether the action was "on a contract" under section 1717(a), the Ninth Circuit looked to two prior cases, one of which upheld the award of attorney's fees and one which rejected the award of attorney's fees.

Barrientos noted that "[i]n Lafarge, [the Ninth Circuit] awarded attorney's fees to the plaintiff for opposing the defendant's motion to vacate an arbitration award, which was based on a contract." Id. at 1216. The court in Lafarge "held that 'the underlying contract between the parties is not collateral to the proceedings but plays an integral part in defining the rights of the parties.'" Id. (citing Lafarge, 791 F.2d at 1340). "In contrast, in In re Johnson, 756 F.2d 738 (9th Cir. 1985), . . . [the Ninth Circuit] refused to award debtors attorney's fees for opposing the creditors' unsuccessful motion

3

for relief from an automatic stay." Id. In re Johnson "held that because the '[s]tay litigation is limited to issues of lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization,' '[t]he validity of the . . . contract underlying the claim [was] not litigated during the hearing.'" Id. (citing In re Johnson, 756 F.2d at 740) (first three alterations in original).

Ultimately, the court in Barrientos upheld the award of attorney's fees, explaining that "Tenants' lease contracts underlying the claim are not collateral to the litigation because they incorporate and define the rights and obligations of Tenants and [the landlord], the applicability of relevant state and federal law, and the role of federal and state actors." Id. "Tenants' complaint was one to enforce their rights as tenants under the lease." Id. (internal quotation marks omitted). "Thus, Tenants' action for a declaratory judgment regarding their right to remain in their apartments is properly considered an action 'on a contract.'" Id.

Here, the situation is more akin to In re Johnson than Barrientos and Lafarge. Plaintiff brought suit to enjoin the foreclosure and sale of its property until defendants sought approval from the STB, which has exclusive jurisdiction over transportation by rail carriers, including the abandonment of rail facilities. (Compl. ¶ 14; June 4, 2012 Order at 6.) Plaintiff's suit was limited to the question of whether defendants had to first seek review with that agency before foreclosing upon and selling plaintiff's property. In the June 4, 2012 Order granting a preliminary injunction, the court

4

1  granted a preliminary injunction on the grounds that, in part,
2  the STB "is far better suited than any court to uniformly apply
3  national rail policy and determine whether the proposed
4  foreclosure will result in interference with, or abandonment of,
5  plaintiff's railroad operations."  (June 4, 2012 Order at 12.)

6          Unlike Barrientos, in which the tenants sought
7  declaratory judgment on their right to remain in their apartments
8  under their leases, here plaintiff did not seek declaratory
9  judgment to determine whether defendants have a right to
10 foreclose upon the property under the Secured Promissory Note.
11 Instead, plaintiff sought declaratory judgment on which
12 governmental body has jurisdiction to first decide that issue.
13 As in In re Johnson, "[t]he validity of the . . . contract
14 underlying the claim [was] not litigated" in this case.  In re
15 Johnson, 756 F.2d at 740.[1]  Since plaintiff's action was not "on
16 a contract" under California Civil Code section 1717(a), the

---

[1]     Defendants note that In re Johnson based its holding on the fact that the plaintiff's action "was predicated solely upon a federal statute" and "California state law was not applied to the substantive issue involved," therefore "the bankruptcy court should not have applied the state substantive law awarding attorney's fees," which is also the case here.  In re Johnson, 756 F.2d at 740-741.  However, subsequent Ninth Circuit cases, including Lafarge and Barrientos, have not relied upon this language in In re Johnson and have not based their rulings on the distinction between federal and state claims.  In Lafarge, for example, the relevant motion was to vacate an arbitration award that was compelled under the United States Arbitration Act, 9 U.S.C. §§ 1-14 (1982), a federal statute.  Lafarge, 791 F.2d at 1337.  Barrientos involved preemption of local ordinances by HUD regulations, also a federal issue.  Barrientos, 583 F.3d at 1208-15.
        This court will therefore not base its decision on the fact that the sole substantive law to be applied was federal law.

5

1  court will decline to award attorney's fees to plaintiff.[2]

2       In addition to a motion for attorney's fees, plaintiff
3  has submitted a bill of costs in conformance with Local Rule 292.
4  (Docket No. 76.)  The costs appear appropriate under 28 U.S.C. §
5  1920 and Local Rule 292(f), and defendants do not object to the
6  award of those costs.  The court will therefore award costs of
7  $1,204.10 to plaintiff.

8       IT IS THEREFORE ORDERED that plaintiff's motion for the
9  award of attorney's fees be, and the same hereby is, DENIED.
10  Plaintiff is awarded $1,204.10 in costs.

11  DATE:  April 22, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  The case at hand is also distinguishable from the other authority cited by plaintiff, <u>Marsu, B.V. v. Walt Disney</u>, 185 F.3d 932 (9th Cir. 1996), as that case awarded attorney's fees for tort claims, such as material concealment, closely tied to a breach of contract action on a licensing agreement.

6